**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 98-10019

GARLAND EDWARDS,

Petitioner-Appellant,

versus

GEORGE E. KILLINGER, Warden,
Federal Correctional Institution, Fort Worth,

Respondent-Appellee.

Appeal from the United States District Court
For the Northern District of Texas
(4:97-CV-849-A)

August 14, 1998

Before POLITZ, Chief Judge, HIGGINBOTHAM and SMITH, Circuit Judges.

PER CURIAM:[*]

Garland Edwards, convicted on a guilty plea of conspiracy to possess with intent to distribute cocaine, appeals the denial of his petition for habeas corpus relief under 28 U.S.C. § 2241. For the reasons assigned, we affirm.

There was no direct appeal of Edwards' conviction or sentence, but he moved for relief under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. This motion was denied; we affirmed on appeal.[1] Edwards then sought permission to

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] **United States v. Edwards**, No. 96-60667 (5th Cir. May 5, 1997) (unpublished).

file a successive section 2255 petition in which he would seek to challenge the enhancement of his sentence for possession of a firearm in light of the decision in **Bailey v. United States**.[2] We denied that motion.[3] The instant petition followed.

A hearing was conducted by a magistrate judge who issued a report with the recommendation that Edwards' habeas petition be denied. Edwards filed objections. The district court adopted the report of the magistrate judge. Edwards moved for reconsideration; the motion was denied. He then filed a notice of appeal of the district court's judgment and moved for leave to proceed *in forma pauperis*. The magistrate judge granted IFP. The district judge construed the notice of appeal as a motion for a certificate of appealability and issued an order denying a COA. Inasmuch as this is an appeal of a judgment denying a section 2241 petition, no COA is required.[4]

Edwards contends that the district court erred in denying his claim that the Bureau of Prisons violated his due process and equal protection rights by denying him a one-year sentence reduction under 18 U.S.C. § 3621(e)(2)(B) because of the enhancement of his sentence under section 2D1.1(b)(1) of the Sentencing Guidelines for possession of a firearm during the underlying offense. We are not persuaded.

The contentions advanced by Edwards are foreclosed by dispositive decisions

---

[2] 516 U.S. 137 (1995).

[3] **In Re: Edwards**, No. 97-00546 (5th Cir. Dec. 10, 1997) (unpublished).

[4] **Ojo v. I.N.S.**, 106 F.3d 680 (5th Cir. 1997).

of this court. He does not have a constitutionally protected liberty interest in a discretionary early release under section 3621(e)(2)(B).[5] Nor may he demonstrate an equal protection violation by merely pointing to a disagreement among the circuits as to the interpretation to be given this statute. We have held that "disagreement between the circuits on the interpretation of a federal statute is a matter which either the Supreme Court or Congress should resolve; it does not violate the equal protection rights of the person subjected to the 'more burdensome interpretation.'"[6]

The judgment appealed is AFFIRMED.

---

[5] **Venegas v. Henman**, 126 F.3d 760 (5ᵗʰ Cir. 1997).

[6] **Hawkins v. Agricultural Mktg. Serv., Dept. of Agric.**, 10 F.3d 1125, 1131-32 (5ᵗʰ Cir. 1993).